IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Cheryl Deas, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:17-cv-03016-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Prudential Insurance of America, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Prudential Insurance Company of America's ("Prudential") Motion to Dismiss, ECF No. 7. For the reasons set forth below, the court grants in part the motion and dismisses the case without prejudice.

## I. BACKGROUND

Cheryl Deas ("Deas") filed this suit asking the court to grant her the long term disability benefits she claims to be entitled to under the Employee Retirement Income Security Act ("ERISA"). Compl. ¶ 3. Deas was employed at the Summerville Medical Center until May 2015, and claims to have been provided with long term disability insurance coverage through a plan ("the Plan") insured by Prudential and administered by HCA, Inc. ("HCA"). Id. ¶ 4. Deas alleges that she became disabled and had to cease working, and that she filed a claim for disability benefits in March 2017. Id. ¶¶ 5–6. She alleges that Prudential has failed to reach a decision on her claim in a timely manner in violation of 29 C.F.R. §2560.503-1. Deas claims that this violation allows the court to proceed with the instant action as though she has fully exhausted all of her administrative remedies. She asks the court to declare, pursuant to 29 U.S.C. § 1132(a)(1)(B), that she is entitled to the benefits under the Plan.

1

Deas filed suit on November 7, 2017. ECF No. 1. On December 27, 2017, Prudential filed a motion to dismiss. ECF No. 7. On January 19, 2018, Deas filed her response in opposition, ECF No. 11, and on January 25, 2018, Prudential filed its reply. The motion has been fully briefed and is ripe for the court's review.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Id. at 679. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

## III. DISCUSSION

Deas filed this action asking the court to grant her benefits under the Plan because she claims that Prudential has failed to reach a decision on her insurance claim in a timely manner, and thus her claim is deemed to be denied under 29 C.F.R. § 2560.503-1. Under that provision, "[i]n the case of a claim for disability benefits, the plan administrator shall notify the claimant, in accordance with paragraph (g) of this section, of the plan's adverse benefit determination within a reasonable period of time, but not later than 45 days after receipt of the claim by the plan." 29 C.F.R. § 2560.503-1(f)(3). This section also allows for an extension of the notification deadline if "necessary due to matters beyond the control of the plan" and if the administrator notifies the claimant of the need for the extension. Id. The federal regulations also provide that if a plan administrator fails to follow these timing requirements, "the claimant is deemed to have exhausted the administrative remedies available under the plan . . . [and] is entitled to pursue any available remedies" under 29 U.S.C. § 1132. 29 C.F.R. § 2560.503-1(l)(2). Section 1132, the civil enforcement provision of ERISA, allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1).

Deas filed her claim with Prudential in March 2017. If Prudential intended to deny her claim, then it should have notified her of this within 45 days after receiving her claim or notified her of the 30-day extension for processing her claim. There is no evidence in the complaint or from Prudential that anyone notified Deas of the adverse decision on her claims application, let alone informed her that a decision would take

longer than 45 days.[1] Thus, because it appears that Prudential failed to follow the claims procedure, Deas is warranted in bringing the case currently before the court to obtain her benefits under the plan.

Prudential moves to dismiss Deas's action because she did not make a timely claim for benefits under the applicable ERISA plan. Mot. Dism. at 1. Prudential argues that because Deas failed to submit a timely claim, she has not exhausted her pre-suit administrative remedies as required under ERISA and the Plan, and thus her complaint should be dismissed with prejudice. Id.

The Plan sets the following time limitations on filing a claim for benefits:

> We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner. Written notice of a claim should be sent within 30 days after the date your disability begins. However, you must send Prudential written proof of your claim no later than 90 days after your elimination period ends. If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.

---

[1]  The only information before the court about this is in Deas's response to the motion to dismiss, in which she states that:
> "By August 2017, Plaintiff had not received a decision on her long-term disability claim, and Plaintiff wrote a letter to Defendant on August 9, 2017 requesting status. By September 21, 2017, Plaintiff had not received a response to her August 9, 2017 letter from Defendant. She again wrote a letter to Defendant requesting the status of her long-term disability claim. Defendant, again, ignored Plaintiff's letter . . . ."

Pl.'s Resp. at 2. As discussed on page 6, the court cannot on a motion to dismiss consider facts not raised in the complaint but raised for the first time in response to the motion to dismiss.

However, the court need not rely solely on Deas's response to the complaint for this information. Prudential does not claim anywhere that it did issue an adverse decision to Deas. Additionally, Deas's complaint is based on the provisions in 29 C.F.R. § 2560.503-1, which allow a claim to be deemed denied if the plan administrator does not notify the applicant of its adverse decision in a timely manner. Thus, the court assumes for the purposes of the motion to dismiss that the plan administrator never sent a notice of denial of benefits to Deas.

4

> The claim form is available from your Employer, or you can request a claim form from us. If you do not receive the form from Prudential within 15 days of your request, send Prudential written proof of your claim without waiting for the form.

Plan, ECF No. 7 Ex. A, at 29.[2] As Prudential notes, the elimination period under the Plan begins on the date of the claimant's disability onset and lasts 147 days. Id. at 1. Under these deadlines, Deas was required to submit proof of her claim to Prudential at the very latest one year and 237 days after her disability began.[3] Deas alleges that she became disabled in May 2015, but does not specify the day. Compl. ¶ 4. Giving Deas the benefit of assuming that her disability onset date was May 31, 2015, she was required to submit proof of her claim by January 23, 2017 at the latest—one year and 237 days after May 31, 2015. According to the complaint, Deas filed her claim for benefits in March 2017. Id. ¶ 6. Taking as true the facts alleged in the complaint—because Deas

---

[2] On a motion to dismiss, the court considers "the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); see Bailey v. Virginia High Sch. League, Inc., 488 F. App'x 714, 715–16 (4th Cir. 2012) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint and any documents attached or incorporated by reference."). In addition to considering "documents that are explicitly incorporated into the complaint by reference [ ] and those attached to the complaint as exhibits . . . we may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity."
  Here, the Plan was not included in or attached to the complaint; it was submitted to the court as an attachment to Prudential's motion to dismiss. Yet, because the complaint explicitly references the Plan several times and because the terms of the Plan are integral to resolving Deas's action and no one disputes the document's authenticity, the court will utilize the Plan that Prudential submitted in its consideration of the motion to dismiss.

[3] The 147-day elimination period, plus 90 days after the elimination period ends, plus the extra year if required = one year and 237 days from the disability onset date.

did not submit her claim within the deadlines set by the Plan, her current suit before this court to grant her benefits under the Plan should be dismissed.

In her response to the motion to dismiss, Deas alleges for the first time that she wrote to HCA in September 2016, requesting any long term disability plans and claim forms necessary for her to make a claim for those benefits. Pl.'s Resp. at 2. She argues that she never received a response and that in January 2017 she wrote another letter to HCA requesting the information, to which HCA responded on February 14, 2017 with the requested information. Id. In her response to the motion to dismiss, Deas raises for the first time the argument that her letter to HCA in September 2016 constituted a "reasonable procedure for filing a long term disability claim." Id. at 8, citing 29 C.F.R. § 2560.503-1(e). She argues that this was submitted before the January 23, 2017 deadline and thus the court should consider her insurance claim as timely. Deas then argues, again for the first time, that the court should equitably toll the deadline because she was "induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass," due to HCA's failure to respond to any of her letters requesting claim information until February 14, 2017. Id. at 9, citing Gayle, 401 F.3d at 22.

The court cannot consider these arguments on a motion to dismiss if they or the facts upon which they are based were not raised in the complaint, as "the complaint may not be amended by the briefs in opposition to a motion to dismiss." Mylan Labs., Inc. v. Akzo, N.V., 770 F.Supp. 1053, 1068 (D. Md. 1991) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101 (7th Cir. 1984)). The court in Marsh v. Virginia Dept. of Transp., 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014) reasoned that to allow a plaintiff to assert new claims by raising them in his brief in opposition to the motion to

dismiss "would mean that a party would unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." The court agrees. None of the factual or legal allegations around this estoppel-based argument, or regarding the letters to HCA, are found in the original complaint. The court therefore cannot consider any of these allegations in resolving the motion to dismiss. Thus, the court grant grants in part Prudential's motion to dismiss and dismiss the case without prejudice, allowing Deas the opportunity to re-file her claim with a complaint that fully incorporates the facts and arguments she raises in her response to the motion to dismiss.

## IV.   CONCLUSION

Based on the above, the court grants in part the motion dismiss and dismisses Deas's case without prejudice.

**AND IT IS SO ORDERED.**

---
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 26, 2018**
**Charleston, South Carolina**